# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| VALENTYN VITALIYOVYCH KULYK, A# 206 068 670,<br><br>  38 N Florida Ave 2nd floor<br>  Atlantic City, NJ 08401<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration<br>        Services<br>        5900 Capital Gateway Dr<br>        Camp Springs, MD 20588<br><br>UR MENDOZA JADDOU, Director of the United States Citizenship and Immigration Services,<br><br>Serve:  U.S. Citizenship & Immigration<br>        Services<br>        5900 Capital Gateway Dr<br>        Camp Springs, MD 20588<br><br><br>and,<br><br>KIRT THOMPSON, Director of the Texas Service Center of the United States Citizenship and Immigration Services,<br><br>Serve:  Kirt Thompson<br>        USCIS<br>        6046 N Belt Line Rd<br>        Irving, TX 75038 | Case No. 3:22-cv-24 |

1

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS AND I-730 ASYLEE RELATIVE PETITION

Plaintiff Valentyn Vitaliyovych Kulyk respectfully requests a hearing before this Honorable Court to make a determination on Plaintiff's application to adjust status and I-730 petition, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application to adjust status and I-730 petition.

## PARTIES

1. Plaintiff Valentyn Vitaliyovych Kulyk is a citizen of Ukraine.

2. Plaintiff's spouse Nataliya Kulyk is a citizen of Ukraine, currently residing in Ukraine.

3. Defendants granted asylum to Plaintiff on December 18, 2018.

4. Valentyn Vitaliyovych Kulyk filed a timely I-485 Application for Adjustment of Status on January 31, 2020. Defendants assigned Receipt Number SRC2090157156 to Plaintiff's case.

5. USCIS completed the fingerprinting and photographing of Valentyn Vitaliyovych Kulyk as part of the processing of the pending application.

6. Since then, the Defendants have taken no action on the pending adjustment application. The Defendants have refused and continue to refuse to conduct an interview on the case.

7. Valentyn Vitaliyovych Kulyk filed an I-730 Asylee Relative Petition for Nataliya Kulyk with the USCIS on July 2, 2019. Defendants assigned Receipt Number SRC1921450177to

2

Nataliya Kulyk's case.

8. Plaintiff paid, and Defendants accepted all applicable filing and visa fees.

9. USCIS has failed to adjudicate Plaintiff's I-730 visa petition.

10. Since Valentyn Vitaliyovych Kulyk filed the applications with USCIS, Plaintiff has made repeated requests to have their case finally adjudicated.

11. Despite numerous calls to USCIS and Plaintiff's attempts to prompt movement on the case, Valentyn Vitaliyovych Kulyk's application to adjust status and I-730 petition have remained pending far longer than is reasonable.

12. USCIS has refused to adjudicate Valentyn Vitaliyovych Kulyk's applications in accordance with applicable legal criteria.

13. Plaintiff brings this action to compel the USCIS to finally adjudicate the pending applications as required by law.

14. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

15. Defendant Ur Mendoza Jaddou, Director of the USCIS, is the highest ranking official within the USCIS. Jaddou is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

16. Defendant Kirt Thompson is the Director of the USCIS Texas Service Center and is sued only in an official capacity, as well as any successors and assigns. The Texas Service Center has jurisdiction over applications for adjustment of status for immigrants in Atlantic City, NJ, where Plaintiff resides and for I-730 petitions. Thompson is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws,

3

including the APA. Kirt Thompson is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

17. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

18. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all Defendants, Plaintiff alleges and state as follows:

19. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

20. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

21. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

22. Plaintiff alleges that the applications have been in administrative processing

beyond a reasonable time period for completing administrative processing of the adjustment of status application and the I-730 petition.

23. The combined delay and failure to act on Valentyn Vitaliyovych Kulyk's adjustment of status application and I-730 asylee relative petition is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

24. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

25. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments. Plaintiff has also sent letters to Congressman Jefferson Van Drew. All to no avail

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiff alleges and states as follows:

26. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

27. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

28. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

29. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S Furthermore, it has caused a loss of consortium between Plaintiff and Nataliya Kulyk, among other ways.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Valentyn Vitaliyovych Kulyk requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Valentyn Vitaliyovych Kulyk's application to adjust status and I-730 petition within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Valentyn Vitaliyovych Kulyk's application to adjust status and I-730 petition pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Valentyn Vitaliyovych Kulyk;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the application to adjust status and the I-730 petition;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**January 5, 2022**

*/s/ James O. Hacking, III*

James O. Hacking, III<br>
Hacking Immigration Law, LLC<br>
10900 Manchester Road, Suite 203<br>
St. Louis, MO 63122<br>
(O) 314.961.8200<br>
(F) 314.961.8201<br>
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**
**VALENTYN VITALIYOVYCH KULYK**